# Super Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 13-cv-06261
PECONIC BAYKEEPER, INC., and                                                (JMA)(SIL)
SOUNDKEEPER, INC.,

                                                     Plaintiffs,   **DEFENDANT'S
RESPONSES TO**
                    --against--                              **PLAINTIFFS' FIRST
SET OF REQUESTS
FOR ADMISSION**

ROSE HARVEY, in her official capacity as the
COMMISSIONER OF THE NEW YORK STATE
OFFICE OF PARKS, RECREATION,
AND HISTORIC PRESERVATION,
                                                Defendant.
------------------------------------------------------------------------X

       Defendant Rose Harvey, in her official capacity as the Commissioner of the New York State Office of Parks, Recreation, and Historic Preservation, hereby responds to plaintiffs' First Set of Requests for Admission as follows:

## PRELIMINARY STATEMENT

       The following responses to plaintiffs' Requests for Admission (RFAs or Requests) are made to the best of defendant's knowledge and belief at the present time. These responses, however, are subject to additional or different information as subsequent discovery, further investigation, trial preparation, or other developments might disclose and are subject to such refreshing or recollection on the part of defendant as may result from such events. All responses are based upon defendant's good faith efforts to provide such information as is presently available and specifically known.

       The following responses are therefore given without any prejudice to the defendant's right to produce evidence of any facts that she may later recall or discover. Defendant accordingly reserves the right to change or supplement any and all responses herein as facts are ascertained, witnesses are identified and legal research is completed.

## **GENERAL OBJECTIONS**

The following objections apply to plaintiffs' RFAs in their entirety. These general objections are incorporated in response to each individual RFA and are made in addition to any specific objections.

1. Defendant objects to each and every request to the extent that it modifies or purports to modify her obligations beyond those contained in the Federal Rules of Civil Procedure.

2. Defendant objects to each and every RFA to the extent that no relevant time period is specified.

3. Defendant objects to each and every request to the extent that it may be construed to call for identification of her attorneys, consultants, or expert witnesses, or production of their reports in violation of the Federal Rules of Civil Procedure.

4. Defendant objects to each and every request to the extent that it calls for information equally available to the plaintiffs. Defendant also objects to each request insofar as it seeks information in plaintiffs' actual or constructive possession.

5. Defendant objects to each request to the extent that it seeks information not relevant to the claim or defense of any party. Defendant also objects to each request to the extent that it relates to facts or documents not relevant to the subject matter of this action.

6. Defendant objects to each and every request to the extent that it seeks disclosure of information protected by any privilege, including, but not limited to, the attorney-client privilege, the deliberative process privilege, the work product doctrine, or any other rule of law that protects such information from disclosure. Such information will not be produced in response to these requests, and any inadvertent disclosure of such information is not to be

construed as an admission that the information is not privileged or protected, nor deemed a waiver of such privilege with respect to such information.

7. Defendant objects to each request insofar as it is overbroad, unduly burdensome, oppressive, calculated to harass and/or calculated to cause needless and/or unreasonable expense. Defendant further objects to each request insofar as it is compound and/or is not limited to the relevant facts as required by F.R.Civ.P. 36.

8. Defendant objects to each and every request to the extent that its seeks information that is unreasonably cumulative and duplicative of other discovery requests made by plaintiffs.

## REQUESTS FOR ADMISSION

1. Admit that the Great South Bay is "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "navigable waters" and "waters of the United States." Subject to these objections, defendant admits that the Great South Bay is a "navigable water" and a "water of the United States" as those terms are defined in the Clean Water Act, 33 U.S.C. §§ 1251 et seq.

2. Admit that Long Island Sound is "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "navigable waters" and "waters of the United States." Subject to these

3

objections, Defendant admits that the Long Island Sound is a "navigable water" and a "water of the United States" as those terms are defined in the Clean Water Act, 33 U.S.C. §§ 1251 et seq.

3. Admit that the Carlls River is "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "navigable waters" and "waters of the United States." Subject to these objections, Defendant admits that the Carlls River is a "navigable water" and a "water of the United States" as those terms are defined in the Clean Water Act, 33 U.S.C. §§ 1251 et seq.

4. Admit that the Nissequogue River is "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "navigable waters" and "waters of the United States." Subject to these objections, defendant admits that the Nissequogue River is a "navigable water" and a "water of the United States" as those terms are defined in the Clean Water Act, 33 U.S.C. §§ 1251 et seq.

5. Admit that wetlands at Hecksher State Park are "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "wetland," "navigable waters" and "waters of the United States." Accordingly,

defendant cannot admit or deny this request.

6. Admit that wetlands at Belmont Lake State Park are "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "wetland," "navigable waters" and "waters of the United States." Accordingly, defendant cannot admit or deny this request.

7. Admit that wetlands at Sunken Meadow State Park are "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "wetland," "navigable waters" and "waters of the United States." Accordingly, defendant cannot admit or deny this request.

8. Admit that wetlands at Wildwood State Park are "navigable waters" and "waters of the United States."

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "wetland," "navigable waters" and "waters of the United States." Accordingly, defendant cannot admit or deny this request.

9. Admit that the United States Geological Survey has developed a network of 35 wells to observe groundwater on Fire Island, as described in Schubert et al., Nitrogen Loads in Groundwater Entering Back Bays and Ocean from Fire Island National Seashore, Long Island, New York, United States Geological Service (2010), attached as Appendix A to this Request

5

for Admissions.

**Response**

Subject to the general objections stated above, defendant admits that the United States Geological Survey (USGS), in the document attached as Appendix A to Plaintiffs' First Request for Admissions, makes the statement set forth in Request No. 9.

10. Admit that the United States Geological Survey has used its observations to construct a three dimensional groundwater hydrology flow model to simulate the effects of discharges of pollution into the subsurface of Fire Island, as described in Schubert et al. (see request 9, above).

**Response**

Subject to the general objections stated above, defendant admits that the USGS, in the document attached as Appendix A to Plaintiffs' First Request for Admissions, constructed the hydrology flow model described in Request No. 10, but defendant lacks information to admit or deny the remainder of the request.

11. Admit that the United States Geological Survey has concluded that "contaminants in sewage entering the shallow groundwater [of Fire Island] move through the flow system and are ultimately discharged to adjacent marine surface waters, where they can pose a threat to coastal habitats."

**Response**

Subject to the general objections stated above, defendant admits that the USGS, in the document attached as Appendix A to Plaintiffs' First Request for Admissions, made the quoted statement set forth in Request No. 11.

12. Admit that the United States Geological Survey has concluded that the Great South Bay and other backbays behind Fire Island receive 80% of the total groundwater discharge from Fire Island.

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as not accurately characterizing the United States Geological Survey (USGS) report attached to the Requests for Admission. Subject to these objections, defendant admits that, according to the USGS report attached as Appendix A, the USGS's simulations of groundwater discharge indicate that the Great South Bay and other backbays behind Fire Island receive <u>nearly</u> 80% of the total groundwater discharge from Fire Island, and the remaining groundwater discharges to the Atlantic Ocean.

13.     Admit that the United States Geological Survey has concluded that the mean travel time of groundwater into the discharge zone is 3.4 years.

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it fails to specify where the groundwater and discharge zones referred to Request for Admission No. 13 are located. Accordingly, defendant cannot admit or deny this request.

14.     Admit that the general direction of groundwater flow underneath Robert Moses State Park is towards the Great South Bay.

**Response**

Defendant incorporates the general objections stated above and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined term "general." Accordingly, defendant cannot admit or deny this request.

15.     Admit that sewage effluent discharged from the septic systems at Robert Moses State Park into shallow groundwater is conveyed to the Great South Bay.

**Response**

  Defendant incorporates the general objections stated above, and also specifically objects to this request as vague, ambiguous and subject to varying interpretation in that it uses the undefined terms "sewage effluent" and "shallow." Subject to these objections, defendant states that after making a reasonable inquiry, based on the information presently known and reasonably available to her, she lacks the information to respond to this this Request.

  16. Admit that the septic systems at each of the five named State Parks (septic tanks or cesspools, and their associated piping) fall within the category of items that constitute "discernible, confined and discrete conveyance[s], including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft."

**Response**

  Defendant incorporates the general objections stated above, and subject to these objections, defendant admits that the septic systems at each of the five named State Parks fall within the definition of "discernible, confined and discrete conveyance[s]."

  17. Admit that at all times relevant to this litigation, Defendant has operated class V Injection wells at each of the five named State Parks.

**Response**

  Defendant incorporates the general objections stated above, and further objects to the undefined time period "at all times relevant to this litigation." Subject to these objections, defendant admits that she operates class V wells at each of the five named State Parks.

  18. Admit that Defendant continues to operate class V injection wells at each of the five named State Parks.

**Response**

  Defendant incorporates the general objections stated above, and subject to those objections, defendant admits that she continues to operate class V wells at each of the five

8

named State Parks.

19. Admit that, as of November 8, 2013, Defendant did not have an Underground Injection Control permit from the U.S. Environmental Protection Agency (EPA) for the operation of class V injection wells at any or each of the five named State Parks.

**<u>Response</u>**

Defendant incorporates the general objections stated above, and subject to those objections, admits that, as of November 8, 2013, she did not have an Underground Injection Control permit from the U.S. Environmental Protection Agency (EPA) for the operation of class V injection wells at any or each of the five named State Parks, but denies that a permit from EPA was required. Defendant has SPDES permits from the New York State Department of Environmental Conservation to operate the septic systems at each of the five named State Parks.

20. Admit that, as of November 8, 2013, the operation of Defendant's class V injection wells at any or each of the five named State Parks was not authorized by rule under the Safe Drinking Water Act or its implementing regulations.

**<u>Response</u>**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: denies.

21. Admit that there is a shallow groundwater aquifer immediately beneath the surface of Long Island called the Upper Glacial Aquifer.

**<u>Response</u>**

Defendant incorporates the general objections stated above, and further specifically objects to this Request on the grounds that it uses the undefined term "immediately" that is subject to varying interpretations. Subject to those objections, defendant admits only that there is a shallow aquifer beneath the surface of most parts of Long Island, and that the depth of that aquifer below the surface varies.

9

22. Admit that septic systems at Hecksher State Park discharge into the Upper Glacial Aquifer.

**Response**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: denies.

23. Admit that septic systems at Wildwood State Park discharge into the Upper Glacial Aquifer.

**Response**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: denies.

24. Admit that septic systems at Sunken Meadow State Park discharge into the Upper Glacial Aquifer.

**Response**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: denies.

25. Admit that septic systems at Belmont Lake State Park discharge into the Upper Glacial Aquifer.

**Response**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: denies.

26. Admit that the Upper Glacial Aquifer is an underground source of drinking water within the meaning of the Safe Drinking Water Act (i.e., is a body of groundwater that: currently supplies public water systems; or contains a sufficient quantity of water to supply public water systems and currently supplies private wells; or contains a sufficient quantity of water to supply public water systems and contains less than 10,000 mg/L total dissolved solids).

**Response**

Defendant incorporates the general objections stated above, and subject to those

10

objections, defendant states that after making a reasonable inquiry, based on the information presently known and reasonably available to her, she lacks the information to determine whether the Upper Glacial Aquifer is an underground source of drinking water within the meaning of the definition given in Request No. 26.

27. Admit that the nitrogen and phosphorus in sewage, if discharged into surface waters such as the Great South Bay and Long Island Sound, can cause or contribute to:
- harmful algal blooms;
- reduced levels of dissolved oxygen
- foul odors
- shellfish poisonings

**Response**

Defendant incorporates the general objections stated above, and further specifically objects to this Request as vague, overbroad and speculative. Defendant also specifically objects to the terms "sewage," "contribute" and "discharge" as vague, undefined, and subject to varying interpretations. Subject to those objections, defendant admits that nitrogen and phosphorus, may, under certain circumstances, contribute to the phenomena set forth in Request No. 27.

28. Admit that the nitrogen and phosphorus in sewage, if discharged into surface waters such as the Great South Bay and Long Island Sound, can adversely affect the health of persons.

**Response**

Defendant incorporates the general objections stated above, and further specifically objects to this Request as vague, speculative and contingent. Defendant also specifically objects to the terms "sewage," "adversely," "affect," and "health" as vague, undefined, and subject to varying interpretations. Accordingly, defendant cannot neither admit nor deny this request.

29. Admit that sewage normally contains viruses and bacteria that, if discharged into surface waters such as the Great South Bay and Long Island Sound, can cause or contribute to sickness and to beach closings designed to protect public health.

**Response**

Defendant incorporates the general objections stated above, and further objects to this Request as vague, speculative and contingent. Defendant also objects to the terms "sewage," "normally," "contribute," and "sickness" as vague, undefined, and subject to varying interpretations. Subject to those objections, defendant admits that sewage may contain viruses and bacteria that, if discharged directly into surface waters, may cause or contribute to sickness and to beach closings.

30. Admit that the human waste treated in Defendant's septic systems is "solid waste" within the meaning of the Resource Conservation and Recovery Act ("any garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities ....").

**Response**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: admits.

31. Admit that the effluent from Defendant's septic systems is "solid waste" within the meaning of the Resource Conservation and Recovery Act

**Response**

Defendant incorporates the general objections stated above, and subject to those objections, defendant responds: admits.

32. Admit that Defendant's septic systems are treatment and disposal facilities for solid waste.

**Response**

Defendant incorporates the general objections stated above, and specifically objects to the term "treatment and disposal facilities for solid waste" as vague and undefined. Subject to

12

those objections, defendant admits that she operates lawfully permitted septic systems for the disposal of human sanitary waste at the five named State Parks.

33. Admit that Defendant is a past or present generator or owner of a treatment and disposal facility for solid waste.

**Response**

Defendant incorporates the general objections stated above, and specifically objects to the term "treatment and disposal facility for solid waste" as vague and undefined. Subject to those objections, defendant admits that she operates lawfully permitted septic systems for the disposal of human sanitary waste at the five named State Parks.

34. Admit that if a solid waste treatment or disposal practice contributes to: harmful algal blooms; dissolved oxygen concentrations below state water quality standards; or shellfish poisonings, then the treatment or disposal practice in question would endanger the environment.

**Response**

Defendant incorporates the general objections stated above, and further specifically objects to this Request on the grounds that it uses undefined terms such as "treatment or disposal practice," "contributes to" and "endanger" that are subject to varying interpretations; furthermore, the Request is overbroad, vague and highly speculative. Accordingly, defendant can neither admit nor deny this request.

35. Admit that if a solid waste treatment or disposal practice contributes to: harmful algal blooms; dissolved oxygen concentrations below state water quality standards; or shellfish poisonings, then the treatment or disposal practice in question would endanger public health.

**Response**

Defendant incorporates the general objections stated above, and further specifically objects to this Request on the grounds that it uses undefined terms such as "treatment or disposal

13

practice," "contributes to" and "endanger" that are subject to varying interpretations; furthermore, the Request is overbroad, vague and highly speculative. Accordingly, defendant can neither admit nor deny this request.

36. Admit that if a solid waste treatment or disposal practice contributes to: harmful algal blooms; dissolved oxygen concentrations below state water quality standards; or shellfish poisonings, then the treatment or disposal practice in question would create a reasonable cause for concern that someone or something may be exposed to risk of harm.

**Response**

Defendant incorporates the general objections stated above, and further specifically objects to this Request on the grounds that it uses undefined terms such as "treatment or disposal practice," "contributes to," "reasonable," "exposed," "something," and "risk" that are subject to varying interpretations; furthermore, the Request is overbroad, vague and highly speculative. Accordingly, defendant can neither admit nor deny this request.

37. Admit that if a solid waste treatment or disposal practice contributes to: harmful algal blooms; dissolved oxygen concentrations below state water quality standards; or shellfish poisonings, then the treatment or disposal practice in question would create a reasonable prospect of future harm to public health or the environment.

**Response**

Defendant incorporates the general objections stated above, and further specifically objects to this Request on the grounds that it uses undefined terms such as "treatment or disposal practice," "contributes to," "reasonable," "prospect," "future" and "harm" that are subject to varying interpretations; furthermore, the Request is overbroad, vague and highly speculative. Accordingly, defendant can neither admit nor deny this request.

Dated: New York, New York
April 9, 2015

        Respectfully submitted,
        ERIC T. SCHNEIDERMAN
        Attorney General of the
          State of New York

        By: /s/ Yueh-ru Chu
        Assistant Attorney General
        120 Broadway
        New York, New York 10271
        (212) 416-6588
        Attorney for Defendant


TO:    Super Law Group, LLC
        411 State Street, #2R
        Brooklyn, New York 11217
        Attorneys for plaintiffs
        via overnight mail and e-mail at reed@superlawgroup.com