UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PECONIC BAYKEEPER, INC. and
SOUNDKEEPER, INC.,

                                Plaintiffs,

           -against-

ROSE HARVEY, in her official capacity as
Commissioner of the New York State Office of
Parks, Recreation, and Historic Preservation,

                                Defendant.
----------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**
10:46 am, Sep 30, 2021
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
13-CV-6261 (JMA) (SIL)

**AZRACK, United States District Judge:**

On November 8, 2013, Plaintiffs Peconic Baykeeper, Inc. and Soundkeeper, Inc. ("Plaintiffs") commenced this action against Rose Harvey, in her official capacity as Commissioner of the New York State Office of Parks, Recreation, and Historic Preservation ("Defendant"), alleging violations of: (1) the Federal Water Pollution Control Act (the "CWA"), 33 U.S.C. §§ 1251 et seq.; (2) the Safe Drinking Water Act (the "SDWA"), 42 U.S.C. §§ 300f et seq.; and (3) the Resource Conservation and Recovery Act (the "RCRA"), 42 U.S.C. §§ 6901 et seq. (Complaint, ECF No. 1; Amended Complaint, ECF No. 6.)

On June 15, 2018, the parties filed cross-motions for summary judgment. (ECF No. 71, 73.) On February 12, 2019, Magistrate Judge Steven I. Locke issued a Report and Recommendation ("2019 R&R") recommending that summary judgment be granted with respect to dismissal of Plaintiffs' SDWA claim, and that both motions be denied in all other respects. (ECF No. 81.) On February 26, 2019, the undersigned stayed this action pending the Supreme Court's decision in County of Maui v. Hawaii Wildlife Fund, 140 S.Ct. 1462 (2020). (Electronic Order, February 26, 2019.) On December 8, 2020, the parties filed cross-motions for

1

reconsideration, in light of the Supreme Court's decision in County of Maui which set forth the applicable standard for evaluating Plaintiffs' CWA claim. (ECF Nos. 91, 92.)

On May 21, 2021, Judge Locke issued a second Report and Recommendation (the "2021 R&R") recommending that the parties' motions be granted to the extent that the new standard should be applied to the CWA claim, and then adhering to all of his recommendations in the 2019 R&R including that summary judgment be denied as to the CWA claim. Plaintiffs and Defendant filed objections addressing both the 2019 R&R and the 2021 R&R, (ECF Nos. 97, 98), as well as responses to those objections (ECF Nos. 101, 102.) On September 1, 2021, the United States Environmental Protection Agency (the "EPA") filed a statement of interest as an interested party objecting to the 2021 R&R's interpretation of the SDWA as contrary to the statute and the EPA's regulations implementing the Underground Injection Control Program. (ECF No. 103.) The parties then filed a request to submit responses to the EPA's statement of interest by September 29, 2021 and for the EPA to reply by October 20, 2021. (ECF No. 104.) The parties filed their responses on September 29, 2021. (ECF Nos. 105, 106.)

After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Locke's R&R as the opinion of the Court on all claims except for the SDWA claim. Because the EPA did not participate in the briefing of the underlying motions that were referred to Judge Locke, the Court declines to consider the EPA's statement of interest at this time and instead construes the statement of interest as a motion for reconsideration concerning the Judge Locke's recommendations concerning the SDWA claim.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579,

2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

Defendant argues that its motion for summary judgment on the CWA and RCRA claims should have been granted because Plaintiffs have failed to put for sufficient evidence for either claim. (ECF No. 97.)  Plaintiffs argue that the R&R erred by dismissing the SDWA claim and by not granting Plaintiffs' motion for partial summary judgment as to Defendant's liability under the SDWA.  (ECF No. 98.)  I have undertaken a de novo review of the record, the R&R, and the objections, and I agree with Judge Locke's R&R with the exception that decision is reserved on the SDWA claim until after Judge Locke has had an opportunity to consider the EPA's statement of interest, which the Court has construed as a motion for reconsideration.

Based on the foregoing, the Court adopts Judge Locke's R&R as the opinion of this Court, with the exception of the SDWA claim.  Accordingly, the Court grants the parties' motions for reconsideration to the extent that the new standard for the CWA claim should be applied here, and finds that triable issues of fact preclude summary judgment as to Plaintiffs' CWA and RCRA claims.  With respect to the SDWA claim, the Court construes the EPA's statement of interest as motion for reconsideration on the SDWA claim and respectfully refers that motion to Judge Locke for a report and recommendation.

In accordance with the parties' proposed briefing schedule (ECF No. 104), the EPA shall file its reply, if any, by October 20, 2021. Given the Court's decision to construe the EPA's statement of interest as a motion for reconsideration, the parties may, if they wish, submit a revised proposed briefing schedule concerning this motion.

**SO ORDERED.**

Dated: September 30, 2021
       Central Islip, New York

                                         /s/  (JMA)
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE